# Exhibit A

THE STATE OF TEXAS

TO THE DEFENDANT: CREDENCE RESOURCE MANAGEMENT LLC RA CSC LAWYERS INCO
AT&T INC RA CT CORPORATION SYSTEM

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT. BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY. YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED WITH THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, OR LEGAL HOLIDAY, YOUR ANSWER IS DUE BY THE END OF THE FIRST DAY FOLLOWING THE 14TH DAY THAT IS NOT A SATURDAY, SUNDAY, OR LEGAL HOLIDAY. DO NOT IGNORE THESE PAPERS. IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION.

IF YOU FAIL TO FILE AN ANSWER, JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION. A COPY OF PLAINTIFF'S PETITION IS ATTACHED HERETO AND MADE A PART HEREOF AS THOUGH WRITTEN IN.

GIVEN UNDER MY HAND OFFICIALLY, THIS JUNE 28, 2021.

[signature]

JUDGE MICHAEL JONES JR
JUSTICE OF THE PEACE
PRECINCT 4 PLACE 1
DALLAS COUNTY

---

DOCKET NO: JS21-00215G

SUIT DESCRIPTION:
SMALL CLAIM

PLAINTIFF(S):
MEEKS, BRIEL
ATTY, JAFFER & ASSOCIATES PLLC
8111 LBJ FWY STE 350
DALLAS, TX 75251
(214) 238-4855

vs.

DEFENDANT(S):
CREDENCE RESOURCE MANAGEMENT LLC
RA CSC LAWYERS INCO
211 E 7TH STREET STE 620
AUSTIN, TX 78701

AT&T INC
RA CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS, TX 75201

CITATION
IN THE JUSTICE COURT

FILED ON: 06-28-2021

CITATION ISSUED: 06-28-2021
CITATION ISSUED TO
PLTF ATTY

MICHAEL JONES JR
JUSTICE OF THE PEACE
PRECINCT 4, PLACE 1
DALLAS COUNTY
106 W CHURCH ST STE 205
GRAND PRAIRIE, TEXAS 75050
(214) 751-4040

DELIVERED
7 / 02 / 2021
BY: DeEx   PSC: 7114
ATX Process, LLC

DOCKET NO: JS21-00215G

SUIT DESCRIPTION:
SMALL CLAIM

PLAINTIFF(S):
MEEKS, BRIEL
ATTY, JAFFER & ASSOCIATES PLLC
8111 LBJ FWY STE 350
DALLAS, TX 75251
(214) 238-4855

VS.

DEFENDANT(S):
CREDENCE RESOURCE MANAGEMENT LLC
RA CSC LAWYERS INCO
211 E 7TH STREET STE 620
AUSTIN, TX 78701

AT&T INC
RA CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS, TX 75201

CITATION
IN THE JUSTICE COURT

FILED ON: 06-28-2021

CITATION ISSUED: 06-28-2021
CITATION ISSUED TO
PLTF ATTY

MICHAEL JONES JR
JUSTICE OF THE PEACE
PRECINCT 4, PLACE 1
DALLAS COUNTY
106 W CHURCH ST STE 205
GRAND PRAIRIE, TEXAS 75050
(214) 751-4040

---

SHERIFF OR CONSTABLE SERVICE RETURN:

CAME TO HAND THIS _____ DAY OF _____, 20___ AT _____ O'CLOCK _____.M., AND
EXECUTED IN PERSON THIS _____ DAY OF _____, 20___ AT _____ O'CLOCK _____.M.,
BY DELIVERING TO THE FOLLOWING NAMED DEFENDANT
AT _____ A TRUE COPY OF CITATION.

( ) EXECUTED BY 501.2(E) THIS _____ DAY OF _____, 20___ AT
_____ O'CLOCK _____.M., BY ALTERNATIVE SERVICE DELIVERING TO THE FOLLOWING

( ) EXECUTED BY 501.2(B)(2) THIS _____ DAY OF _____, 20___ AT
_____ O'CLOCK _____.M., BY REGISTERED OR CERTIFIED MAIL, RESTRICTED DELIVERY
WITH RETURN RECEIPT OR ELECTRONIC RETURN RECEIPT REQUESTED TO THE FOLLOWING
AT _____

( ) NOT SERVED FOR THE FOLLOWING REASON _____

FEE: $ _____

_____           _____
CONSTABLE, PRECINCT NO.         DEPUTY

CAUSE NO. JS21-00215G

| BRIEL MEEKS, | IN THE JUSTICE COURT |
|---|---|
| Plaintiff, | |
| v. | PRECINCT 4 PLACE 1 |
| CREDENCE RESOURCE MANAGEMENT, LLC AND AT&T INC | DALLAS COUNTY, TEXAS |
| Defendants | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff BRIEL MEEKS ("Plaintiff"), by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Original Petition* against Defendants CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant Credence") and AT&T INC ("Defendant AT&T") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2. Plaintiff is a resident of Dallas County, Texas.

3. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is allegedly obligated to pay any debt.

4. The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject of

the transaction are primarily for personal, family, or household purposes.

**Defendant Credence Resource Management, LLC ("Defendant Credence")**

5. Defendant is a Texas based debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas.

6. Defendant can be served with a copy of this *Petition* along with *Citation* upon its registered agent Corporation Service Company DBA CSC Lawyers Inco at 211 E 7th Street Suite 620 Austin, Tx 78701.

7. Defendant is a person who engages in interstate commerce by using the telephone and mail in a business which the principal purpose is the collection of debts.

8. Defendant is a debt collector as defined under 15 U.S.C. § 1692(a)(6) because Defendant has engaged in direct or indirect debt collection against Plaintiff in Texas.

**Defendant AT&T Inc ("Defendant AT&T")**

9. Defendant AT&T is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

10. Defendant AT&T engaged in "debt collection" as defined by Tex. Fin. Code Ann. § 392.001(5).

11. Defendant AT&T may be served with process through its registered agent for service of process CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

12. AT&T is a debt collector as defined under Tex. Fin. Code Ann. § 393.303(a)(6) because AT&T has engaged in indirect debt collection against the Plaintiff in Texas

## JURISDICTION & VENUE

13. This Court has personal jurisdiction over all the parties because both parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of

action in that it involves an amount in controversy within the original jurisdiction of this Court.

14. Plaintiffs seek monetary relief within this Court's jurisdictional limits.

15. Venue in Dallas County, Texas is proper in this cause pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. On or about December 28, 2020, Plaintiff had started services with Defendant AT&T but quickly cancelled its services on January 4, 2021 as the service never really worked properly in her area.

18. As soon as the Plaintiff cancelled Defendant AT&T's services, Plaintiff returned the phone device and got a receipt acknowledging the return of the device after paying $55 as restocking fees. (See receipt at Exhibit A)

19. On or about May 17, 2021, the Plaintiff was alerted by Experian Credit Monitoring that there has been a collection that has been added to her account causing her credit score to drop by 17 points. (See Exhibit B)

20. Plaintiff on pulling up her credit report realized that her AT&T account has been sent for collections to Defendant Credence for an alleged debt of $1045.00. (See Credit Reports at Exhibit C)

21. Plaintiff immediately called up Defendant AT&T's customer care and informed them that since the Plaintiff had cancelled services on January 4, 2021 and returned the device

immediately on cancellation, she should not owe the alleged debt amount and further enquired as to how collections had erroneously been added to her credit file.

22. Plaintiff was advised by the Customer Care executive to visit an AT&T Store to get the account amount clarified as their customer care systems aren't connected to the store servers and only the in store managers are authorized to remove collections after verifying the account.

23. Plaintiff had no option but to personally go down to the AT&T store to redress her grievance against the erroneous reporting on her credit file. The AT&T representative was able to pull up her file information which correctly showed that the Plaintiff returned the device and showed the cancellation of services. Plaintiff was then advised to call the loyalty department of Defendant AT&T. However, since it was after 5pm, the loyalty department was closed. Plaintiff nonetheless spoke to several representatives in customer care who informed her that since the AT&T Store had not documented the receipt of the device, the balance is still there. Plaintiff was again informed the loyalty department cannot take it out of collection as that would have to be done by the AT&T store after speaking to the collection agency reporting the debt. The Plaintiff was advised once again to visit the AT&T Store although she had just left the store and after going back and forth several times with both the AT&T Store and the Loyalty Department, Plaintiff was left utterly frustrated with the issue at hand unresolved.

24. Plaintiff had no previous knowledge of the alleged debt as Defendant Credence had never sent any communication to the Plaintiff regarding the alleged consumer debt.

25. Defendant AT&T never communicated that Plaintiff had an unpaid balance prior to sending the Plaintiff's account to Defendant Credence for collections.

26. Plaintiff called an apartment near her daughter's school hoping to get a lease, however was told on the phone that if she applied, she would be denied due to her credit report showing any recent collections exactly like Defendant Credence was reporting on Experian. *See* Exhibit B. The Defendant's conduct has severely injured her credit score for no fault of her own which severely affected her chances for securing that apartment.

27. The said erroneous reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms.

28. Plaintiff had her Credit Limit for her SYNCB/ROOMS TO GO account lowered from $3,000 to $1,800 as a result of her lowered credit score. *See* Exhibit D.

29. As a result of the Defendants conduct and the incorrect information furnished by the Defendant AT&T on Plaintiff's credit file, Plaintiff has suffered a decreased credit score and credit limit in addition to mental anguish, distress, and frustration.

30. Defendant Credence has violated the FDCPA and TDCA when the Defendant attempted to collect an unauthorized debt from the Plaintiff.

31. Defendant AT&T violated the TDCA when the Defendant attempted to collect an unauthorized debt from the Plaintiff.

32. Plaintiff is entitled for costs of this action, including reasonable attorneys' fees and expenses as allowed under the FDCPA and the TDCA from Defendant Credence and under the TDCA from Defendant AT&T.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.* by Defendant Credence

Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

33. Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

34. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

> (2) The false representation of the character, amount, or legal status of any debt;
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

35. For the aforementioned-reasons, Defendant Credence has violated §§1692(e).

36. Section §1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

> (1) The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

37. For the aforementioned-reasons, Defendant Credence has violated §§1692(f).

38. For these reasons, the Defendant is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 392 *et seq.* by Defendant Credence

39. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

40. Defendant Credence debt collection efforts against Plaintiff violates the TDCA.

41. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

    (a) misrepresenting the character, extent, or amount of a consumer debt. Tex. Fin. Code Ann. §392.304 (8); and

    (b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304 (19).

42. For the aforementioned-reasons, Defendant Credence violated the TDCA.

43. For these reasons, the Defendant Credence is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

44. For the aforementioned-reasons, Defendant Credence violated the TDCA.

45. For these reasons, Defendant Credence is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 392 *et seq.* by the Defendant AT&T

46. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

47. Defendant AT&T's debt collection efforts against Plaintiff violates the TDCA.

    Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

    (a) misrepresenting the character, extent, or amount of a consumer debt. Tex. Fin. Code Ann. §392.304 (8); and

    (b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304 (19).

48. For the aforementioned-reasons, Defendant AT&T violated the TDCA.

49. Defendant AT&T put a false collection charge on Plaintiff's credit Report severely injuring her Credit Score.

50. For these reasons, the Defendant AT&T is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from Defendants as follows:

1. Awarding Plaintiff statutory damages up to $1,000.00 under the FDCPA from Defendant Credence;

2. Awarding Plaintiff actual damages under the FDCPA from Defendant Credence;

3. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the FDCPA from Defendant Credence;

4. Awarding Plaintiff statutory damages not less than $100.00 under the TDCA from Defendant Credence and Defendant AT&T;

5. Awarding Plaintiff actual damages under the TDCA from Defendant Credence and Defendant AT&T;

6. Awarding Plaintiff injunctive relief under the TDCA from Defendant Credence and Defendant AT&T;

7. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the TDCA from Defendant Credence and Defendant AT&T; and

8. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: June 24, 2021

Respectfully Submitted,

**JAFFER & ASSOCIATES, PLLC**

/s/ Allen Robertson
Allen Robertson
Bar No.: 24076655
Shawn Jaffer
Bar No.: 24107817
8111 LBJ Fwy, Suite 350
Dallas, TX 75251
T: (214) 238-4855
F: (888) 530-3910
E-mail: attorneys@jaffer.law
*Attorneys for Plaintiff*

Hello BRIEL DAVAIN M,

Thank you for visiting ANIKA WIRELESS - GRAND PRAIRIE selling AT&T Owned Inventory for AT&T in GRAND PRAIRIE, TX

**Store Information**
Sales Rep: Mansoor Sarmast
3040 W CAMP WISDOM RD STE 180, ,
GRAND PRAIRIE, TX 75052
(214) 518-6400
OM Register: 3

**BRIEL DAVAIN M 972-900-8785**
01/04/2021

| Item ID | Description | Extended Price |
|---|---|---|
| 6902C | PHO APL IPH 12PM 128GB<br>SER NO: 357104913076534<br>FINANCED: $1099.99<br>DOWN PAYMENT: $0.00<br>INSTALLMENTS: 30 X 36.67<br>INSTALLMENT PLAN ID for 9729008785: 150000033158892 | $-1099.99 |
| 81088 | RESTOCKING FEE<br>1 @ $55.00 | $55.00 |

| | |
|---|---|
| Subtotal | $-1044.99 |
| Tax | $-90.75 |
| Installment Plan Agreement 972-900-8785 | $-1099.99 |
| MASTERCARD TENDERED | $-35.75 |
| Account Number: | 9839 |
| Authorization: | Auth No. null |
| CHANGE DUE | $0.00 |
| Total Amount Paid | $-35.75 |

Receipt Number:
51-536000031007452





EXHIBIT B

## Score Decrease

Your FICO® Score has decreased by 17 points.

Financial
May 17, 2021

## Collections

CREDENCE RESOURCE MANA has flagged your account as Collections.

Financial
May 17, 2021

TransUnion Credit Report                                                                 Page 3 of 22

**CREDENCE RESOURCE MANAGEMENT**
**#25960******
4222 TRINITY MILLS
SUITE 260
DALLAS, TX 75287
(214) 873-6651

| | | | | |
|---|---|---|---|---|
| Placed for collection: | 03/25/2021 | Balance: | $1,045 | Pay Status: >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 05/15/2021 | |
| Account Type: | Open Account | Original Amount: | $1,045 | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | ATT MOBILITY | |
| | | Past Due: | >$1,045< | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 01/2028





file:///C:/Users/bmeeks/Downloads/TransUnion%20Credit%20Report.html                              5/21/2021



collection accounts

Reports & Scores

**CREDENCE RESOURCE MANA**
Original creditor:
**ATT MOBILITY**

Finances

$1,045
Balance updated May 15, 2021

Protection

Credit Cards

Loans

EXHIBIT
C

6/23/2021

May 26, 2021

**What happened?**
SYNCB/ROOMS TO GO lowered your Credit Limit to $1,080.00.

**Source:**
Experian

**Company:**
SYNCB/ROOMS TO GO

**Address:**
Po Box 965036, Orlando, FL 32896-5036

**Phone:**
(866) 396-8254

**Activity:**
Revolving Charge Accounts

**Previous Limit:**
$3,000.00

**New Limit:**
$1,080.00

**What now?**
Having a low credit limit may negatively impact your credit utilization ratio, one of the main ingredients in calculating your FICO® Score.

A new credit card could help raise your limit—see the ones we've matched to you.

https://mail.google.com/mail/u/0/#inbox/FMfcgzGkXwFXTrnFqksDwDdZSRGKvgbg?projector=1

image2.jpeg



1/2